UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LATOYA DAVIS, | ) | |
| | ) | CA NO.: 6:06-1468-RBH-WMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NHC HEALTHCARE, a corporation, | ) | NHC HEALTHCARE/CLINTON, |
| | ) | LLC'S ANSWER TO PLAINTIFF'S |
| Defendant. | ) | COMPLAINT |
| | ) | |

Defendant NHC HealthCare/Clinton, LLC ("NHC")(incorrectly identified as "NHC Healthcare") answers Latoya Davis's ("Plaintiff") Complaint as follows:

**JURISDICTION AND VENUE**

1. As for the allegations in Paragraph 1, NHC admits only that Plaintiff is an African American, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 of the Complaint, so they are denied.

2. As for the allegations in Paragraph 2, NHC admits only that it conducts business in South Carolina, including Laurens County, but denies the remaining allegations contained in Paragraph 2.

3. Paragraph 3 contains a statement regarding jurisdiction that requires neither admission nor denial by NHC, but to the extent that said paragraph implies that NHC violated any federal or state statute, regulation, or common law, said implications are denied.

4. Paragraph 4 contains a statement regarding jurisdiction that requires neither admission nor denial by NHC, but to the extent that said paragraph implies that NHC violated any

federal or state statute, regulation, or common law, said implications are denied.

5.  As for the allegations in Paragraph 5, NHC admits only that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, but denies the remaining allegations contained in Paragraph 5.

## STATEMENT OF FACTS

6.  As for the allegations in Paragraph 6, NHC admits only that Plaintiff began her employment with NHC on April 30, 2001, as a Nurses Assistant, but denies the remaining allegations contained in Paragraph 6.

7.  NHC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, so they are denied.

8.  As for the allegations in Paragraph 8, NHC admits only that Plaintiff submitted a document to NHC dated August 26, 2003, stating that she had been hospitalized since August 22, 2003, and that her "medical disability" would last between seven and ten days, but denies the remaining allegations contained in Paragraph 8.

9.  NHC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, so they are denied.

10. As for the allegations in Paragraph 10, NHC admits only that Plaintiff was granted a medical leave of absence, but denies the remaining allegations contained in Paragraph 10.

11. As for the allegations in Paragraph 11, NHC admits only that Plaintiff was terminated for excessive absenteeism and tardiness, but denies the remaining allegations contained in Paragraph 11.

## COUNT I

### RACIAL DISCRIMINATION IN VIOLATION OF
### 42 U.S.C. SECTION 2000e, TITLE VII

12. NHC repeats and incorporates by reference the responses and denials to Paragraphs 1 through 11 of this Answer as though fully set forth herein.

13. NHC denies the allegations contained in Paragraph 13 of the Complaint.

14. NHC denies the allegations contained in Paragraph 14 of the Complaint.

15. NHC denies the allegations contained in Paragraph 15 of the Complaint.

16. NHC denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT II

### RACIAL DISCRIMINATION IN VIOLATION OF
### 42 U.S.C. SECTION 1981 AND 1981(a)

17. NHC repeats and incorporates by reference the responses and denials to Paragraphs 1 through 16 of this Answer as though fully set forth herein.

18. NHC denies the allegations contained in Paragraph 18 of the Complaint.

19. NHC denies the allegations contained in Paragraph 19 of the Complaint.

20. NHC denies the allegations contained in Paragraph 20 of the Complaint.

21. NHC denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT III

### WRONGFUL TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. Section 2601 et seq. (1994)

22. NHC repeats and incorporates by reference the responses and denials to Paragraphs 1 through 21 of this Answer as though fully set forth herein.

23. NHC denies the allegations contained in Paragraph 23 of the Complaint.

24. NHC denies the allegations contained in Paragraph 24 of the Complaint.

25. NHC denies the allegations contained in Paragraph 25 of the Complaint.

26. NHC denies the allegations contained in Paragraph 26 of the Complaint.

27. NHC denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT IV

### NEGLIGENT TRAINING SUPERVISION AND RETENTION

28. NHC repeats and incorporates by reference the responses and denials to Paragraphs 1 through 27 of this Answer as though fully set forth herein.

29. NHC denies the allegations contained in Paragraph 29 of the Complaint.

30. NHC denies the allegations contained in Paragraph 30 of the Complaint.

31. NHC denies the allegations contained in Paragraph 31 of the Complaint.

32. NHC denies the allegations contained in Paragraph 32 of the Complaint.

33. The remainder of the Complaint contains a prayer for relief that requires neither admission nor denial, but to the extent said prayer for relief implies that Plaintiff is in any way entitled to the relief she seeks, said implications are denied.

**FIRST DEFENSE**

Some or all of the Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered that would show that Plaintiff's employment would have been terminated on other grounds.

**THIRD DEFENSE**

All claims based on alleged violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et. seq., ("Title VII"), as to which Plaintiff failed to file charges or complaints of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by Title VII and fail to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

All claims based on alleged violations of Title VII as to which Plaintiff failed to file charges or complaints of employment discrimination with the EEOC within 180 days of their occurrence are barred by Title VII and fail to state a claim upon which relief may be granted.

**FIFTH DEFENSE**

All claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC are barred by Title VII and fail to state a claim upon which relief may be granted.

**SIXTH DEFENSE**

NHC's actions toward Plaintiff were at all times taken in good faith.

5

**SEVENTH DEFENSE**

Upon information and belief, Plaintiff has failed to mitigate her damages.

**EIGHTH DEFENSE**

Any claims under Title VII which may be stated in the Complaint are barred in whole or in part because the court lacks subject matter jurisdiction and the plaintiff lacks standing to maintain the action to the extent that the plaintiff and the EEOC and/or the South Carolina Human Affairs Commission failed to comply with the administrative procedures for processing plaintiff's charge of employment discrimination.

**NINTH DEFENSE**

Even if Plaintiff's race was a factor in the decision to terminate Plaintiff's employment, which it was not and which NHC expressly denies, the same decision would have been made without regard to Plaintiff's race.

**TENTH DEFENSE**

NHC denies that it acted with malice or reckless indifference to Plaintiff's rights.

**ELEVENTH DEFENSE**

Some or all of the claims contained in Plaintiff's Complaint are barred by the applicable statutes of limitations.

**TWELFTH DEFENSE**

Some or all of the claims contained in Plaintiff's Complaint violate one or more of the provisions of Rule 11(b) of the Federal Rules of Civil Procedure.

**THIRTEENTH DEFENSE**

NHC reserves the right to amend its answer to include additional defenses or to delete or withdraw defenses as may become necessary after reasonable opportunity for discovery.

## **FOURTEENTH DEFENSE**

Plaintiff's common law claims fail as a matter of law because she has a statutory right and remedy for the alleged wrongs.

Except for the allegations that NHC has expressly admitted herein, NHC denies each and every allegation of Plaintiff's Complaint.

WHEREFORE, NHC prays that judgment be entered dismissing each and every Count of the Complaint, discharging NHC, assessing NHC's costs and attorney's fees against Plaintiff, and granting NHC such other and further relief to which it may be shown to be entitled.

Date:  August 2, 2006

        Respectfully Submitted,

/s/ Cara Y. Crotty
Cara Y. Crotty; Fed. ID No. 6869
**CONSTANGY, BROOKS & SMITH, LLC**
1301 Gervais Street, Suite 810
Columbia, South Carolina 29201
Telephone: 803-256-3200
Facsimile:  803-256-6277

Clifford H. Nelson, Jr., Georgia Bar No. 537750
*Pro Hac Vice Application Pending*
Glen R. Fagan, Georgia Bar No. 253944
*Pro Hac Vice Application Pending*
**CONSTANGY, BROOKS & SMITH, LLC**
230 Peachtree Street, N.W.,  Suite 2400
Atlanta, Georgia  30303-1557
Telephone: 404-525-8622
Facsimile: 404-525-6955

Attorneys for Defendant