IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Latoya Davis,               )<br>                                   )<br>             Plaintiff,   )<br>                                   )<br>     vs.                        )<br>                                   )<br>NHC Healthcare, a corporation, )<br>                                   )<br>             Defendant.  )<br>                                   ) | Civil Action No. 6:06-1468-RBH-WMC<br><br>**O R D E R** |

      In her amended complaint, the plaintiff, a black female, alleges that her former employer discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title 42, United States Code, Section 1981. She further alleges violations of the Family and Medical Leave Act ("FMLA") as well as a breach of contract claim. The plaintiff was employed as a nursing assistant at the defendant's Clinton facility from April 30, 2001, to May 14, 2004.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      The plaintiff served a request for production of documents on October 18, 2006, to which the defendant responded on December 5, 2006. The motion to compel at issue was filed on April 5, 2007. The plaintiff contends that the responses of the defendant to two of those requests were inadequate. She further moves for immediate sanctions against the defendant.

      In Request No. 6, the plaintiff sought documents relating to complaints and internal grievances alleging discrimination or harassment that had been filed against the

defendant. The defendant objected to the request as overly broad, unduly burdensome, and irrelevant. The plaintiff responded by telling the defendant it could limit its response to 2002 to the present.

In Request No. 17, the plaintiff requested the personnel files of each nursing assistant employed by the defendant in its Clinton office in 2003 and 2004. The defendant objected to the request as overly broad, unduly burdensome, and irrelevant.

In its response to the motion to compel, the defendant argues that the motion is untimely. Local Civil Rule 37.01(A) (DSC) provides that motions to compel discovery must be filed within 20 days after the receipt fo the discovery response to which the motion to compel is directed. Any extensions to this date must be confirmed in writing. It does not appear that any agreement to extend the time for filing the motion was reached. The defendant further contends that the plaintiff failed to comply with the scheduling order in this case, which provides that "[n]o motions to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Harwell in an attempt to resolve the matter informally" (scheduling order ¶ 8). Based upon the untimeliness of the motion and the plaintiff's failure to seek a telephone conference with Judge Harwell to resolve this matter informally, the motion to compel is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

April 27, 2007

Greenville, South Carolina