IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Latoya Davis, ) | |
| ) | Civil Action No. 6:06-1468-RBH-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| NHC Healthcare, a corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In her amended complaint, the plaintiff, a black female, alleges that her former employer, NHC Healthcare ("NHC"), discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title 42, United States Code, Section 1981. She further alleges violations of the Family and Medical Leave Act ("FMLA") as well as a breach of contract claim. The plaintiff was employed as a nursing assistant at the defendant's Clinton facility from April 30, 2001, to May 14, 2004.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On April 9, 2007, NHC filed a motion for the extension of the discovery period. In its motion, NHC stated that it sought an extension of the discovery period because it received copies of the plaintiff's medical files late in the discovery period and did not have sufficient time to schedule depositions of the plaintiff's healthcare providers. Further, NHC stated it wanted an extension of the discovery period to allow the court time to rule on the plaintiff's motion to compel, which was filed on April 5, 2007. In its motion, NHC requested a 45-day extension of the discovery period. The proposed amended scheduling order submitted by the defendant extended discovery through May 25, 2007, but in no way limited the type of discovery that could be taken during the extended discovery period. On April 17, 2007, this court granted NHC's

motion and extended the discovery period through May 25, 2007. On that same date, this court also issued a first amended scheduling order extending the discovery period through May 25, 2007. The amended scheduling order did not place any limitations on the type of discovery that could be taken during the extended discovery period. On April 26, 2007, the defendant served the plaintiff with its second request for production of documents, second interrogatories, and first request for admissions.

On May 14, 2007, the plaintiff filed the instant motion to strike. The plaintiff argues that the discovery should be stricken because the "[d]efendant's issuance of a second set of written discovery requests after the expiration of the original discovery deadline but during the extended discovery period, which was extended for the purposes of deposing Plaintiff's medical providers, evidences an intent to deceive this Court in order to achieve an unfair advantage." However, as argued by the defendant, no limitations were placed on discovery during the extended discovery period.

The plaintiff further argues that the defendant failed to timely serve her with the additional discovery as her responses were due the day after the close of discovery. According to the defendant, the discovery requests were placed in the mail on April 23, 2007. The extended period for discovery expired on May 25, 2007. The plaintiff had 30 days to respond to the discovery requests. Fed.R.Civ.P. 33(b)(3), 34(b), and 36(a). With the addition of the three days mailing time, the responses were due the day after the close of discovery. However, given that delay was only one day, this court finds that an order striking the discovery requests is unwarranted.

Wherefore, based upon the foregoing, the motion to strike is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

June 8, 2007

Greenville, South Carolina

2